IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TEVIN D. RAINEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-2073-RJD |
| | ) |
| ANTHONY D. WILLS, JUSTIN D. | ) |
| KULICH, JOSHUAA SCHOENBECK, | ) |
| and ANTHONY B. JONES, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**

Plaintiff Tevin D. Rainey, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Amended Complaint,[1] Rainey alleges Defendants violated his due process rights in a disciplinary hearing. He asserts claims against the defendants under the Fourteenth Amendment.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A.[2]  Under Section 1915A, the Court is required

---

[1] On September 2, 2022, Rainey filed his Complaint (Doc. 1). Subsequently, on September 26, 2022, Rainey filed his Amended Complaint which the Court considers the operative pleading.
[2] The Court has jurisdiction to screen the Amended Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the Illinois Department of Corrections.

1

to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## **The Amended Complaint**

In his Amended Complaint, Rainey makes the following allegations: On February 14, 2022, Rainey was placed in segregation based on a disciplinary report for drugs and drug paraphernalia (Doc. 7, p. 7). Justin D. Kulich, an internal affairs officer, issued the disciplinary report alleging that two half sheets of white paper were found during a routine cell search (*Id*. at p. 8). The papers were found under Rainey's mattress and were discolored and textured with typed text. Also under his mattress, a single tea bag and a piece of "bible" paper were located (*Id*.). The paper was tested with a field test kit which tested positive for synthetic cannabinoids (*Id*.).

On February 22, 2022, Rainey appeared before the adjustment committee, which consisted of chairperson Joshuaa Schoenbeck and Anthony Jones, and pled not guilty (*Id*.). Rainey maintained that the test kit was faulty and requested that the paper be sent to the lab for testing (*Id*. at p. 9). Instead, the committee accepted Kulich's report as factual and found Rainey guilty. Warden Anthony Wills concurred with the findings (*Id*.).

On March 23, 2022, Rainey submitted a grievance asserting his innocence and requesting that the sheets of paper be tested for synthetic cannabinoids (*Id*. at p. 9). His counselor informed him that the papers were sent to the Illinois State Police ("ISP") Crime

Laboratory for testing (*Id*.). On April 26, 2022, the grievance officer reviewed the grievance and informed Rainey that his disciplinary report was expunged on April 5, 2022 and the report dismissed because the ISP lab report found no substances on the paper (*Id*. at p. 10).

Rainey alleges that his due process rights were violated because he was placed in segregation while lab results from the ISP were still pending (*Id*. at p. 11). He alleges he was not provided with written notice of the allegations or a written statement of the decision, and was denied the right to call witnesses, help preparing for the hearing, and a fair and impartial decisionmaker (*Id*.). At the hearing, although he requested that the papers be sent for testing, which would have helped him prepare for his defense, he was denied the request for assistance or a witness from the ISP (*Id*. at pp. 11-12).

While in segregation, Rainey alleges that he was subjected to second-hand smoke, use of mace, excessive noise, sleep deprivation, the water being turned off, and an unsanitary cell and living unit including dust, improper ventilation, feces on the walls and floors, roaches, ants, flies, gnats, and spiders (*Id*. at p. 13). He lacked access to showers and had no access to cleaning supplies (*Id*.).

## Discussion

Based on the allegations in the Amended Complaint, the Court designates the following count:

**Count 1:** Fourteenth Amendment due process claim against Anthony Wills, Justin D. Kulich, Joshuaa Schoenbeck, and Anthony B. Jones.

3

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.³

"The Due Process Clause of the Fourteenth Amendment applies only to deprivations of life, liberty, and property." *Isby v. Brown,* 856 F.3d 508, 524 (7th Cir. 2017). When an inmate raises a procedural due process claim, the Court undertakes a two-part analysis. *Id*. The Court first evaluates whether the prisoner was deprived of a protected liberty interest, and then second, evaluates whether the process he was afforded was constitutionally deficient. *Id.* (citing *Hess v. Bd. of Trs. of S. Ill. Univ.*, 839 F.3d 668, 673 (7th Cir. 2016)).

Rainey alleges that Defendants violated his due process rights when they sentenced him to segregation without being provided written notice of his violation and denied him the right to call witnesses, assistance in preparing for the hearing, a written statement setting forth the reasons for the guilty finding, and an impartial decisionmaker. Due process safeguards that are associated with prison disciplinary hearings include: (1) advance written notice of the charges; (2) the opportunity to appear before an impartial

---

³ *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

4

hearing body to contest the charges; (3) the opportunity to call witnesses and present documentary evidence as a defense (if prison safety allows and subject to the discretion of correctional officers); and (4) a written statement summarizing the reasons for the discipline imposed. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974). In addition, the decision of the adjustment committee must be supported by "some evidence." *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007). Rainey alleges that he requested testing on the paper found in his cell and a witness from the Illinois State Police, but his requests were denied (Doc. 7, p. 12). He also alleges that the officials were not impartial as they relied solely on the statements of Kulich and did not wait for results from the lab (*Id.*).

But even if an inmate's due process rights are violated, as Rainey alleges here, he still may not have a Fourteenth Amendment claim. An inmate's liberty interests are protected by the Due Process Clause only insofar as a deprivation of the interest at issue would impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Rainey alleges that he was in segregation from the date the ticket was issued, February 14, 2022, until the ticket was expunged on April 5, 2022. This amounted to just short of two months in segregation. In assessing whether disciplinary segregation amounts to a constitutional violation, a court must examine the length of a prisoner's confinement in segregation in combination with the conditions he endured there. *Kervin v. Barnes*, 787 F.3d 833, 836-37 (7th Cir. 2015); *Hardaway v. Meyerhoff,* 734 F.3d 740, 743 (7th Cir. 2013). Relatively short stints in segregation do not, on their own, amount to a deprivation of a liberty interest. *Thomas v. Ramos*, 130 F.3d 754, 761 (7th Cir. 1997) (70 days not enough on its own). The

Seventh Circuit has noted that a segregation stint of only thirty days is not enough to invoke due process protections. *See Williams v. Brown*, 849 F. App'x 154, 157 (7th Cir. 2021) (citing *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 nn. 2-3 (7th Cir. 2009) (collecting cases on the length and duration of segregation that invokes a liberty interest)).

Rainey remained in segregation for approximately fifty days according to allegations in his Amended Complaint, less than two months. Such a relatively short stint in segregation does not usually invoke due process protections. *See Marion*, 559 F.3d at 697-98 n. 2 (noting that up to 90 days in segregation relatively short depending on the conditions); *McCoy v. Atherton*, 818 F. App'x 538, 541-42 (7th Cir. 2020) (3 months in segregation in a dirty cell near physically and mentally ill inmates not enough to implicate due process protections); *Obriecht v. Raemisch*, 565 F. App'x 535, 540 (7th Cir. 2014) (finding that 78 days in alleged deplorable conditions was not a "atypical and significant hardship" as compared to prison life generally).

Rainey's stint in segregation is most analogous to the situation in *McCoy*. In *McCoy*, the plaintiff spent three months in administrative segregation, housed on the medical floor in allegedly dangerous and unsanitary conditions. The plaintiff alleged that the cell was dirty with dried urine and soap scum, and he was not provided with any cleaning supplies. *McCoy*, 818 F. App'x at 540. The plaintiff feared being affected by airborne viruses and was housed with potentially violent, mentally ill inmates. *Id*. The Seventh Circuit found that the relatively short time in segregation, in a dirty cell, near physically and mentally-ill individuals was not atypical and significant and did not implicate a liberty interest. *Id*. at 541-42 (collecting cases). Here, Rainey alleges that in segregation he

6

was subjected to second-hand smoke, smoke from inmates setting fires, and mace (Doc. 7, p. 13). He was subjected to excessive noise, sleep deprivation, the flow of water being turned off on numerous occasions, and unsanitary cells with dust, insects, and feces (*Id*.). He lacked access to the showers and outside recreational time (*Id*.). Although Rainey alleges he was housed in unsanitary conditions, his stay in segregation was extremely short, amounting to less than two months. He also fails to provide any specifics as to many of the alleged conditions, including: how many times he received a shower while in segregation, how often he was subjected to mace during his stay, the numbers of fires set by inmates during his stay, and the length of time he went without running water. Like in *McCoy*, the Court finds that this relatively short period of time in segregation, without something egregious in terms of the conditions alleged, fails to trigger due process protections. *See also Obriecht*, 565 F. App'x at 540 (78 days in segregation in "deplorable" conditions not enough to trigger due process protections).

Rainey's allegations may possibly state a deliberate indifference claim for his time in segregation but there are no factual allegations indicating knowledge of the conditions he faced by any of the named defendants. *See Obriecht*, 565 F. App'x at 540 (Although plaintiff did not state a due process claim, he "might have challenged the *conditions* in segregation under the Eighth Amendment, just as inmates in the general population may challenge the conditions of their confinement."). And Rainey's Amended Complaint clearly only raised a due process claim. As Rainey's allegations do not implicate due process protections, the Court **DISMISSES** the Amended Complaint. To the extent that Rainey may be able to raise an Eighth Amendment deliberate indifference claim or

7

further develop a due process claim, the Court **GRANTS** Rainey leave to file an Amended Complaint.

### Pending Motions

As to Rainey's motions for counsel (Docs. 3 and 9), he states that he has sent letters to multiple law firms and he is not familiar with civil laws and federal procedures. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[4] Further, the Court finds that Rainey is capable of drafting an Amended Complaint on his own. Thus, counsel is not needed at this time and his motions are **DENIED**.

As to Rainey's motion for leave to proceed *in forma pauperis* (Doc. 8), that motion is **DENIED as moot**. Rainey has already been granted leave to proceed *in forma pauperis* (Doc. 6). His motion for status (Doc. 17) is also moot.

### Disposition

For the reasons stated above, Rainey's Amended Complaint is **DISMISSED without prejudice** for failure to state a claim.

---

[4] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

Rainey is **GRANTED** leave to file a "Second Amended Complaint" on or before **June 16, 2023**. Should Rainey fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Rainey's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments. Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Rainey must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Rainey is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Rainey elects to file a Second Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Rainey is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with

9

this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 5/19/2023**

                                              */s/ Reona J. Daly*
                                              **REONA J. DALY**
                                              **U.S. Magistrate Judge**