IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TEVIN D. RAINEY,

    **Plaintiff,**

v.

ANTHONY WILLS, JUSTIN D. KULICH, JOSHUAA SCHOENBECK, and ANTHONY B. JONES,

    **Defendants.**

Case No. 22-cv-2073-RJD

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

    Plaintiff Tevin D. Rainey, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Rainey's Amended Complaint (Doc. 7) was dismissed without prejudice for failure to state a claim, and he was granted leave to submit a Second Amended Complaint. In the Second Amended Complaint, Rainey alleges Defendants violated his due process rights in a disciplinary hearing.

    This case is now before the Court for preliminary review of the Second Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon

1

which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## Discussion

Rainey's First Amended Complaint was dismissed without prejudice because he failed to state a claim (Doc. 19). Specifically, he failed to state a due process claim because he failed to properly allege that his time in segregation amounted to an atypical and significant hardship. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). He failed to allege that the relatively short stint in segregation, approximately fifty days, invoked due process protections due to the conditions alleged. Rainey failed to provide any specifics as to many of the alleged conditions, including how many times he received a shower, how often he was subjected to mace, and the number of fires he alleged were set during his stay in segregation. Rainey was granted leave to file a Second Amended Complaint to further flesh out the conditions in segregation to determine if they were enough to trigger due process protections. *See McCoy v. Atherton*, 818 F. App'x 538, 541-42 (7th Cir. 2020) (3 months in segregation in a dirty cell near physically and mentally ill inmates not enough to implicate due process protections); *Obriecht v. Raemisch*, 565 F. App'x 535, 540 (7th Cir. 2014) (finding that 78 days in alleged deplorable conditions was not an "atypical and significant hardship" as compared to prison life generally).

Although granted leave to amend his First Amendment Complaint, Rainey merely re-filed his pleading as a Second Amended Complaint (*See* Doc. 21). A close comparison of his First Amended Complaint (Doc. 7) and his Second Amended Complaint (Doc. 21) finds that his new pleading is an exact duplicate of his First Amended Complaint, but

lacks paragraphs 23 and 24, as well as several exhibits. Rainey fails to change or update any of his allegations. He further filed a motion for second amended complaint in which he responded to the Court's merits review Order (Doc. 20). His motion merely stated that he was originally sentenced to six months segregation and would have served the full six months if he had not asked for testing of the substances found in his cell. But the motion includes no additional allegations about his stay in segregation and, in any event, the Court does not accept piecemeal amendments to the pleadings. Thus, Rainey's motion to amend (Doc. 20) is **DENIED**.

Further, Rainey's Second Amended Complaint still fails to describe any of the conditions that he faced during his limited time in segregation. There are no additional facts from which the Court could find that his extremely short stay in segregation invoked due process protections. Based on these allegations, the Court does not find that his approximately fifty days in segregation states a claim for a violation of such protections. Thus, Rainey again fails to state a claim. Because this is Rainey's second attempt to state a claim and he has been unable to do so, despite specific, detailed instructions from the Court, the Court finds that any further attempt at submitting an amended pleading would be futile. Accordingly, the Court **DISMISSES with prejudice** Rainey's Second Amended Complaint.

## Disposition

For the reasons stated above, Rainey's Second Amended Complaint (Doc. 21) is **DISMISSED with prejudice**. The dismissal shall count as one of Rainey's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

If Rainey wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. 4(a)(1)(A). If Rainey does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 8/22/2023**

*/s/ Reona J. Daly*
**REONA J. DALY**
**U.S. Magistrate Judge**